IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILLIE EARL CURRY**                                                                           **PLAINTIFF**

**v.**                                                           **No. 1:22CV134-GHD-JMV**

**WARDEN JOSH DAVIS, ET AL.**                                         **DEFENDANTS**

**ORDER CONSTRUING INSTANT CASE AS A
PETITION FOR A WRIT OF *HABEAS CORPUS* UNDER
28 U.S.C. § 2254**

The plaintiff, Willie Earl Curry, filed the instant case on the court form for seeking relief regarding unconstitutionally harsh conditions of confinement under 42 U.S.C. § 1983. The plaintiff alleged that the Tennessee Department of Corrections ("TDOC") had intermingled information from his institutional file and the file of another TDOC inmate named Willie Curry ("WC"). The plaintiff argued that, because of this error, several Mississippi Department of Corrections ("MDOC") Rule Violation Reports he received should be expunged. The court, *sua sponte*, directed [11] the plaintiff to show cause why the § 1983 case should not be dismissed as frivolous on the merits – and for failure to state a claim upon which relief could be granted under the holding in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

In his response [13], [14] to the show cause order, the plaintiff included documents showing that, indeed, his TDOC inmate file contained some information for another inmate named Willie Curry ("WC") who had passed away in 1997. Doc. 13-1  Importantly, the erroneous information in Curry's TDOC file included three convictions of the deceased WC, and those convictions were later included in an Order Amending Indictment to charge Curry as a habitual offender in his Mississippi criminal case. Docs. 13-1, 13-9. Curry was eventually convicted and sentenced to ten years (MDOC custody) for attempted exploitation of a vulnerable adult, five years (MDOC custody) for

conspiracy to exploit a vulnerable adult, and one year (Madison County Sheriff's Department custody) for possession of hydrocodone with acetaminophen. *Curry v. Settlemires*, 3:19CV251-SA-JMV (Doc. 5 at 3-4).[1] The trial court ordered that the sentences run consecutively. *Id.*

Thus, based on documents the plaintiff filed in this case (and on information found in his previous *habeas corpus* case), it appears that the state court enhanced Curry's sentence under Mississippi's lesser habitual offender statute (Miss. Code Ann. § 99-19-81) *using the convictions of another inmate*. Unlike Curry's other claims, this one sounds in *habeas corpus* (rather than conditions of confinement). As such, the Clerk of the Court is **DIRECTED** to change the type of suit of this case to a *habeas corpus* petition filed under 28 U.S.C. § 2254.

**SO ORDERED**, this, the 9th day of December, 2022.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] **Error! Main Document Only.** The court may take judicial notice of prior proceedings involving the petitioner, both state and federal. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).