IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILLIE EARL CURRY**                                                                               **PLAINTIFF**

**v.**                                                                                                          **No. 1:22CV134-GHD-JMV**

**WARDEN JOSH DAVIS, ET AL.**                                                    **DEFENDANTS**

**ORDER APPOINTING COUNSEL FOR PETITIONER**

The court, *sua sponte*, considers appointment of counsel for the petitioner, Willie Earl Curry, in prosecuting his petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. He is proceeding *pro se* and has been granted leave to proceed *in forma pauperis* based on the pauper's affidavit submitted with his petition. This court is empowered to appoint counsel for a *habeas corpus* petitioner whenever it "determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is to be held, the court is required to appoint counsel. Rule 8(c), Rules Governing § 2254 Cases.

Mr. Curry initially filed the instant petition on the court's standard form for challenging the conditions of his confinement under 42 U.S.C. § 1983. He has had difficulty identifying and framing the issues in this case. However, in his lengthy submissions, he has provided documents that appear to show that the trial court in his state criminal case enhanced his sentence[1] *using the convictions of another inmate also named Willie Curry*. Erroneous information in Curry's Tennessee Department of Corrections ("TDOC") file included three convictions of another inmate named Willie Curry (who died in 1997). Docs. 13-1, 13-9. Those convictions were later included in an Order Amending Indictment to charge Curry as a habitual offender in his

---

[1] The trial court enhanced Mr. Curry's sentence under Mississippi's lesser habitual offender statute, Miss. Code Ann. § 99-19-81.

Mississippi criminal case. *Id.* Curry was eventually convicted and sentenced under the habitual offender statute to serve ten years (MDOC custody) for attempted exploitation of a vulnerable adult, five years (MDOC custody) for conspiracy to exploit a vulnerable adult, and one year (Madison County Sheriff's Department custody) for possession of hydrocodone with acetaminophen. *Curry v. Settlemires*, 3:19CV251-SA-JMV (Doc. 5 at 3-4).[2,3] These were to be served consecutively and without the possibility of parole. *Id.* A January 20, 2022, letter from an official with the TDOC confirmed that the information in the petitioner's TDOC records had been combined with another inmate of the same name – and that the other inmate's Tennessee convictions had erroneously been attributed to the petitioner. Doc. 13-1.

## Effect of Filing a Successive Petition for a Writ of *Habeas Corpus*

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court does not have jurisdiction to decide the issues in this case and must (once counsel has filed an amended petition, identifying and elucidating the relevant issues) transfer the petition to the Fifth Circuit Court of Appeals (which will decide whether the petitioner may move forward with the instant successive *habeas corpus* petition). As discussed below, however, if the petitioner has not exhausted state remedies as to this issue, counsel may have to move quickly to begin that process through a State application for post-conviction

---

[2] The court may take judicial notice of prior proceedings involving the petitioner, both state and federal. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

[3] The Magistrate Judge's Report and Recommendation and the State's motion to dismiss in the previous federal petition provide a detailed account of the facts and procedural history in this matter. Neither the court nor the State, however, had the benefit of the January 2022 TDOC letter confirming that the convictions in question cannot be attributed to the petitioner in this case.

collateral relief – which would toll the federal *habeas corpus* limitations period. *See* 28 U.S.C. § 2244(d)(2). Otherwise, by the time this court and the Fifth Circuit complete their respective reviews, the petitioner's filing deadline may have expired.

### Exhaustion of State Remedies

It is not clear on the current record whether Mr. Curry has exhausted his state remedies as to this *habeas corpus* claim. A petitioner seeking *habeas corpus* relief under 28 U.S.C. § 2254 must exhaust all claims in state court under § 2254(b)(1) prior to requesting federal *habeas corpus* relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Counsel could also aid in exploring this issue.

### Limitations Period

Further, the petitioner faces a one-year period of limitation within which he must bring his federal *habeas corpus* claim. 28 U.S.C. § 2244(d)(1). In this case, the period would run from "the date which the factual predicate [for the claim] could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, it appears that the statute began to run on the date the petitioner received a copy of the January 20, 2022, letter from the TDOC confirming the errors in his inmate records from Tennessee. The precise initial date is not apparent from the documents currently in the record, but it could be as early as January of 2022. If so, then the federal limitations period could expire as soon January of 2023.

That limitations period is tolled, however, during the "time … which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Counsel would be of assistance in determining whether the petitioner has already exhausted his state remedies – and whether a State application for post-conviction collateral relief should be expedited to toll the limitations period and preserve the

petitioner's claims. This is relevant because the filing of a federal petition for a writ of *habeas corpus* (such as the present one) does *not* toll the one-year limitations period. *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S. Ct. 2120, 2129, 150 L. Ed. 2d 251 (2001). As such, in the absence of tolling, the petitioner's deadline to file could expire in January (within six weeks from the date of this order).

## Conclusion

The court finds that appointed counsel would greatly assist Mr. Curry in framing these and other issues and presenting arguments – thus aiding the court in addressing those issues. It is, therefore **ORDERED** that petitioner's Motion for Appointment of Counsel is **GRANTED.** The court therefore appoints **Thomas C. Levidiotis** as counsel for the petitioner, to assist him in pursuing federal *habeas corpus* relief, including whether the petitioner has exhausted state remedies as to his claims – and whether the petitioner should seek state post-conviction collateral relief.

**SO ORDERED**, this, the 9th day of December, 2022.

_____
SENIOR UNITED STATES DISTRICT JUDGE