## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

WILLIE EARL CURRY                                                    PLAINTIFF

v.                                                     No. 1:22CV134-GHD-JMV

WARDEN JOSH DAVIS, ET AL.                                          DEFENDANTS

### ORDER TRANSFERRING CASE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause.   Willie Earl Curry, through counsel, has submitted an amended petition [25] for a writ of *habeas corpus* under 28 U.S.C. § 2254.   The petitioner was convicted for attempt to exploit a vulnerable adult, conspiracy to exploit a vulnerable adult, and possession of hydrocodone with acetaminophen on April 14, 2011; sentencing occurred June 28, 2011.   The petitioner has filed at least one other unsuccessful 2254 motion concerning the same conviction which he now seeks to challenge.   *See Curry v. Settlemires*, 3:19CV251-SA-JMV (N.D. Miss., Final judgment dated April 5, 2021.)   The gravamen of Curry's claim is that he was sentenced in state trial court as a habitual offender based upon another inmate's convictions.   Doc. 25-2 at 7.   Curry is currently pursuing state post-conviction collateral relief in the Mississippi courts.   *Curry v. Davis*, et al., No. 2023-81 JM (Madison Co. Circuit Court.)

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   The petitioner has not obtained such an order.   Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a)

and (b)(3)(c).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).   Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

  1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

  2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

  3) This case is **CLOSED.**

 **SO ORDERED**, this, the _18th_ day of July, 2023.

                 _____

              SENIOR JUDGE

2